## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

HERON COVE ASSOCIATION, et al.

      Plaintiffs,                  Case No.: 1:24-cv-11473-TLL-PTM

v                                 HON. THOMAS L. LUDINGTON

GLADWIN COUNTY BOARD OF      Magistrate Judge Patricia T. Morris
COMMISSIONERS, et al.,

      Defendants.

| | |
|---|---|
| Michael D. Homier (P60318) | Timothy S. Ferrand (P39583) |
| Laura J. Genovich (P72278) | Cummings, McClorey, Davis & |
| Keith T. Brown (P84193) | Acho, P.L.C. |
| Foster, Swift, Collins & Smith, PC | *Attorney for Gladwin County Board* |
| *Attorney for Plaintiffs* | *of Commissioners* |
| 1700 E. Beltline Ave., NE, Ste. 200 | 19176 Hall Road, Suite 205 |
| Grand Rapids, MI 49525 | Clinton Township, MI 48038 |
| (616) 726-2200 | (586) 228-5600 |
| mhomier@fosterswift.com | tferrand@cmda-law.com |
| lgenovich@fosterswift.com | tlange@cmda-law.com |
| kbrown@fosterswift.com | |
| | Joseph W. Colaianne (P47404) |
| | Zachary C. Larsen (P72189) |
| | Bethany G. Stawasz (P75578) |
| | Clark Hill PLC |
| | *Attorney for Four Lakes Task Force* |
| | 215 S. Washington Square, Suite 200 |
| | Lansing, MI 48933 |
| | (517) 318-3100 |
| | jcolaianne@clarkhill.com |
| | zlarsen@clarkhill.com |
| | bstawasz@clarkhill.com |

               /

## MOTION TO EXPEDITE CONSIDERATION OF DEFENDANT FOUR
## LAKES TASK FORCE'S MOTION TO DISMISS [DKT. 10]

Defendant Four Lakes Task Force ("FLTF"), by and through their attorneys, Clark Hill PLC, hereby moves to expedite consideration of its Motion to Dismiss the lawsuit brought by Plaintiffs Heron Cove Association and each person individually listed in the caption (collectively, "Plaintiffs").

Defendant relies on the law and argument in the attached brief in support of this motion. Defendant sought concurrence in the relief requested herein from Plaintiff.  Concurrence was not obtained.

WHEREFORE, for all these reasons and for those in the attached brief, Defendant Four Lakes Task Force respectfully requests this Honorable Court to expedite consideration of its motion to dismiss Plaintiffs' Complaint against with prejudice.

Respectfully submitted,

CLARK HILL PLC

*/s/ Joseph W. Colaianne*
Joseph W. Colaianne (P47404)
Zachary C. Larsen (P72189)
Bethany G. Stawasz (P75578)
215 South Washington Square, Ste. 200
Lansing, MI 48933
517-318-3100
jcolaianne@clarkhill.com
zlarsen@clarkhill.com
bstawasz@clarkhill.com
*Attorneys for Defendant*
*Four Lakes Task Force*

Dated: July 9, 2024

2

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

HERON COVE ASSOCIATION, et al.

      Plaintiffs,

v

GLADWIN COUNTY BOARD OF
COMMISSIONERS, et al.,

      Defendants.

Case No.: 1:24-cv-11473-TLL-PTM

HON. THOMAS L. LUDINGTON

Magistrate Judge Patricia T. Morris

| | |
|---|---|
| MICHAEL D. HOMIER (P60318)<br>LAURA J. GENOVICH (P72278)<br>KEITH T. BROWN (84193)<br>Foster, Swift, Collins & Smith, PC<br>*Attorney for Plaintiffs*<br>1700 E. Beltline Ave., NE, Ste. 200<br>Grand Rapids, MI 49525<br>(616) 726-2200<br>mhomier@fosterswift.com<br>lgenovich@fosterswift.com<br>kbrown@fosterswift.com | TIMOTHY S. FERRAND (P39583)<br>Cummings, McClorey, Davis &<br>Acho, P.L.C.<br>*Attorney for Gladwin County Board*<br>*of Commissioners*<br>19176 Hall Road, Suite 205<br>Clinton Township, MI  48038<br>(586) 228-5600<br>tferrand@cmda-law.com<br>tlange@cmda-law.com<br><br>JOSEPH W. COLAIANNE (P47404)<br>ZACHARY C. LARSEN (P72189)<br>BETHANY G. STAWASZ (P75578)<br>Clark Hill PLC<br>*Attorney for Four Lakes Task Force*<br>215 S. Washington Square, Suite 200<br>Lansing, MI 48933<br>(517) 318-3100<br>jcolaianne@clarkhill.com<br>zlarsen@clarkhill.com<br>bstawasz@clarkhill.com |

/

## BRIEF IN SUPPORT OF MOTION TO EXPEDITE CONSIDERATION OF
## DEFENDANT FOUR LAKES TASK FORCE'S MOTION TO DISMISS
## [DKT. 10]

## TABLE OF CONTENTS

Page

Table of Contents ..................................................................................... i

Index of Authorities ................................................................................ ii

Introduction and Statement of Facts ........................................................1

Argument...................................................................................................3

I.      This Court should expedite consideration of Defendant's motion to
        dismiss. Delays to this already upheld lake-level project will result in lost
        construction bids, increased costs, and will further delay financing—
        resulting in higher assessments to property owners...........................3

Conclusion and Relief Requested ............................................................8

Certificate of Service ...............................................................................9

# INDEX OF AUTHORITIES

<u>Page</u>

## Cases

*Battjes Builders v. Bouma*,
   167 NW2d 123 (Mich. App. 1969)..............................................................5

*Hadix v. Johnson*,
   144 F.3d 925 (6th Cir. 1998)....................................................................3

*Heron Cove Association, et al v. Midland County Board of Comm'rs and Four Lakes Task Force*,
   E.D. Mich. Case No.1:24-cv-11458-TLL-PTM....................................1

*In re Matter of Van Etten Lake*,
   386 NW2d 572 (Mich. App. 1986) .........................................................4

*In re Project Costs & Special Assessment Roll for Chappel Dam*,
   762 NW2d 192 (Mich. App. 2009) ................................................ 5, 7, 8

*ITT Community Development Corp. v. Barton*,
   569 F.2d 1351(5th Cir. 1978).................................................................3

## Statutes

1994 PA 451.......................................................................................................1

Mich. Comp. Laws § 324.30701(h).................................................................4

Mich. Comp. Laws § 324.30701, et seq. .........................................................1

Mich. Comp. Laws § 324.307011.....................................................................5

Mich. Comp. Laws § 324.30705.......................................................................5

Mich. Comp. Laws § 324.30705(3)..................................................................5

Mich. Comp. Laws § 324.30714(4)...............................................................2, 6

Mich. Comp. Laws §§ 280.1, et seq. ...............................................................6

ii

## INTRODUCTION AND STATEMENT OF FACTS

This litigation arises out of the lake-level special-assessment rolls prepared by the Defendant Four Lakes Task Force ("FLTF") and approved by Defendant Gladwin County Board of Commissioners (the "County")[1], pursuant to the Part 307 "Inland Lakes Levels" of the Michigan Natural Resources and Environmental Protection Act ("Part 307")[2] to cover the administrative, operation, maintenance, repair, replacement and improvements costs to four high hazard dams required to maintain the lake levels of Smallwood, Secord, Wixom and Sanford Lakes located in Gladwin and Midland Counties (the "Four Lakes"). Plaintiffs are the Heron Cove Association ("HCA"), a non-profit corporation that represents property owners and interests within or adjacent to the Four Lakes Special Assessment District ("FLSAD"), and the individual members identified in the caption of this lawsuit (collectively, "Plaintiffs").

Pursuant to Part 307, the lake-level special-assessment rolls are final and conclusive unless an appeal is taken within fifteen days after the county board of

---

[1] Plaintiffs also filed a complaint against the Midland County Board of Commissioners and Defendant FLTF, which is identical to the matter before this Court, and which Defendant has filed a separate Motion to Dismiss. *See Heron Cove Association, et al v. Midland County Board of Commissioners and Four Lakes Task Force*, E.D. Mich. Case No.1:24-cv-11458-TLL-PTM, PageID.1–49.

[2] 1994 PA 451, as amended, Mich. Comp. Laws § 324.30701, et seq.

commissioners approve the rolls. Mich. Comp. Laws § 324.30714(4). In accordance with procedures set forth in Part 307, Plaintiff HCA appealed in state court challenging the lake-level special assessment rolls. They lost. On June 20, 2024, the state court entered an Opinion and Order denying the appeal and affirming the validity of the lake-level special assessment rolls.

Without waiting for that appeal to be decided, Plaintiffs in the interim filed this four-count complaint alleging Inverse Condemnation under the Michigan Constitution (Count I), a Taking under the Federal Constitution (Count II), and violation of Procedural Due Process under the State and Federal Constitution (Counts III and IV). (Plts.' Comp., PageID.11.) Plaintiffs requests that this Court, among other things, either amend the assessment rolls or vacate the special assessment rolls in their entirety. (*Id*., PageID.12, ¶¶ 16–17.)

All four high hazard dams are in dire need of repairs and improvements. Indeed, both the Edenville Dam (on Wixom Lake) and the Sanford Dam must be replaced to comply with state of Michigan's dam safety requirements ("the Lake Level Project"). The Lake Level Project is being undertaken in phases with the first phases currently being funded using grant moneys received from the State of Michigan and federal government. Grant funding from the State of Michigan covers nearly 45% of the capital project costs. Just the remaining 55% of the project capital costs is to be defrayed by lake-level special assessments.

Until this Court rules on Defendant's motion to dismiss, FLTF cannot proceed with financing and completion of the final phase of the Lake Level Project. Thus, the current construction affecting each of the Four Lakes will be suspended over the next several months. That delay will only result in significantly higher construction costs due to missed construction seasons, delayed financing, legal fees, and additional staff costs.

## ARGUMENT

**I.    This Court should expedite consideration of Defendant's motion to dismiss. Delays to this already upheld lake-level project will result in lost construction bids, increased costs, and will further delay financing—resulting in higher assessments to property owners.**

### A.    This Court has the inherent authority to expedite this matter.

This Court has inherent authority to control its docket and to process litigation to a just and equitable conclusion. *See, e.g., Hadix v. Johnson*, 144 F.3d 925, 937 (6th Cir. 1998) ("Certain inherent powers of the courts are said to be 'rooted in the notion that a federal court, sitting in equity, possesses all of the common law equity tools of a Chancery Court . . . to process litigation to a just and equitable conclusion.'"), *quoting*, *ITT Community Development Corp. v. Barton*, 569 F.2d 1351, 1359 (5th Cir. 1978)). This well-established principle grants this Court broad authority to control its docket. *Id*.

**B.** **The Court should expedite this matter because delay will only result in increased costs to all involved—a result Plaintiffs purportedly oppose and that is contrary to the purpose of Part 307.**

Delay in processing this matter does no one good. Neither FLTF (who seeks to rebuild the dams in a cost-effective manner in accordance with its statutory purpose) nor Plaintiffs (who purportedly oppose the costs of the project) will benefit. Instead, delay will frustrate the purpose of Part 307, the existing lake-level order, and state-court determinations, and it will result only in increased costs to Plaintiffs.

The purpose of Part 307 is to provide for the control and maintenance of inland lake levels for the benefit and welfare of the public, to best preserve the natural resources of the state, and best preserve and protect the value of property around the lake. Mich. Comp. Laws § 324.30701(h); *see also In re Matter of Van Etten Lake*, 386 NW2d 572, 574 & 576 (Mich. App. 1986) (observing the purpose of Part 307 is to provide for the control and maintenance of inland lake levels for the benefit and welfare of the public). Part 307 authorizes counties to make policy decisions as to the levels of their inland lakes, and to build and finance dams as necessary to maintain the desired lake levels. *Id.* at 525. In addition, Part 307 authorizes the establishment of a special-assessment district to defray the costs in connection with administration, operation, maintenance and improvement of lake-level structures, and for the special-assessment district to authorize the issuance of municipal bonds,

notes and lake-level orders in anticipation of special assessments. Mich. Comp. Laws § 324.307011; Mich. Comp. Laws § 324.30705.

Under Part 307, "all proceedings relating to the making, levying, and collection of special assessments authorized by this part and the issuance of bonds, notes, or lake-level orders in anticipation of the collection of the special assessments shall conform as nearly as possible to the proceedings for levying special assessments and issuing special assessment bonds *as set forth in the drain code of 1956, 156 PA 40, Mich. Comp. Laws §§ 280.1 to 280.630*." Mich. Comp. Laws § 324.30705(3) (emphasis added). That means the delegated authority is required to follow the Michigan Drain Code when levying lake-level special assessments. Other than condemnation proceedings, procedures under the Michigan Drain Code are administrative proceedings subject to the presumption that the "administrative body has acted correctly and that its orders and decisions are reasonable and valid." *Battjes Builders v. Bouma*, 167 NW2d 123, 126 (Mich. App. 1969). However, Part 307 "provides a less elaborate mechanism for review." *In re Project Costs & Special Assessment Roll for Chappel Dam*, 762 NW2d 192, 195 (Mich. App. 2009).

Part 307 guarantees notice and an opportunity to be heard before the determination of a special assessment roll but not a full trial. *Id.* at 145–51 (holding that the drain commissioner's decision requiring landowners in a special-assessment district to pay 95% of dam repair costs was reviewable under Part 307 and did not

5

call for the use of the review procedures set forth in the drain code of 1956, 156 PA 40, Mich. Comp. Laws §§ 280.1 to 280.630). The role of the trial court in lake-level appeal proceedings is limited to reviewing the record for competent, material, and substantial evidence supporting the delegated authority's decision. *Id.* at 151. For the purposes of Part 307, a sufficient hearing is one that (1) allows the circuit court to ensure that the Counties have considered the varying public interests in reaching its policy decision, and (2) protects the public against arbitrary governmental action. *Id.* at 151.

Section 30714(4) of Part 307 which provides that the special assessment roll "shall be final and conclusive unless appealed in a court within 15 days after county board approval" signified the legislature's intent that lake-level proceedings, like proceedings under the drain code, requires expeditious resolution. Mich. Comp. Laws § 324.30714(4); *see Eyde v. Charter Twp of Lansing, Drainage Bd*, 311 NW2d 438, 441 (Mich. App. 1981) ("Once it is established that a drain is necessary to the public health, it is essential that it be financed and constructed as quickly as possible.").

As with drain projects under the Michigan Drain Code, this case requires a speedy resolution. Legal delays to a valid lake-level project will only create additional costs resulting in a higher assessment to the property owners. The lake-level capital improvements to all four dams include design, permitting, and

6

construction. Those improvements are being undertaken in phases with the first phases currently funded using grant moneys received from the State of Michigan and federal government. Grant funding from the State of Michigan covers nearly 45% of the capital project costs. Only the remaining 55% of the project capital costs is to be defrayed by lake-level special assessments.

The construction bids for the Edenville Dam (on Wixom Lake) and the final phase of the Lake Level Project were received on January 24, 2024. The contract requires commitment of financing before the FLTF can provide a notice to proceed. In addition, without a commitment of financing, construction progress on all other dams will need to be suspended. Thus, legal delays to a valid lake-level project will only create additional construction costs resulting in higher assessments to property owners due to missed construction seasons, delayed financing, legal fees, and additional staff costs. Plaintiffs—who challenged the assessments as purportedly too costly—cannot want that. Accordingly, this Court should order an expedited resolution of this matter.

Both prior caselaw and the procedural posture of the case support an expedited review by the Court. For instance, in *In re Project Costs & Special Assessment Roll for Chappel Dam,* the Michigan Court of Appeals held that the trial court's decision to shorten the time for brief and hearings in a lake-level special-assessment appeal was permissible. *Id.* at 150. Though this case is not a special-assessment appeal, it

7

arises out of the same type of proceeding, and the *Chappel Dam* holding demonstrates the courts' sensitivity to the public values undergirding this type of project. Moreover, the State Court has already ruled that the lake-level special-assessment rolls are supported under the law—including rejecting arguments very similar to those made by Plaintiffs here. So there should be little reason this Court cannot expeditiously address Defendants' motion to dismiss.

## CONCLUSION AND RELIEF REQUESTED

WHEREFORE, for the reasons stated herein, Defendant Four Lakes Task Force respectfully requests this Honorable Court to expedite consideration of its motion for summary judgment dismissing Plaintiffs' Complaint against it with prejudice.

Respectfully submitted,

CLARK HILL PLC

*/s/ Joseph W. Colaianne*
Joseph W. Colaianne (P47404)
Zachary C. Larsen (P72189)
Bethany G. Stawasz (P75578)
215 South Washington Square, Ste. 200
Lansing, MI 48933
517-318-3100
jcolaianne@clarkhill.com
zlarsen@clarkhill.com
bstawasz@clarkhill.com
*Attorneys for Defendant*
*Four Lakes Task Force*

Dated: July 9, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2024, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

Respectfully submitted,

CLARK HILL PLC

*/s/ Joseph W. Colaianne*
Joseph W. Colaianne (P47404)
Zachary C. Larsen (P72189)
Bethany G. Stawasz (P75578)
215 South Washington Square, Ste. 200
Lansing, MI 48933
517-318-3100
jcolaianne@clarkhill.com
zlarsen@clarkhill.com
bstawasz@clarkhill.com
*Attorneys for Defendant*
*Four Lakes Task Force*

Dated: July 9, 2024

9