UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

HERON COVE ASSOCIATION, et al,

        Plaintiffs,

v

GLADWIN COUNTY BOARD OF
COMMISSIONERS, and FOUR LAKES
TASK FORCE

        Defendants.

Case No. 1:24-cv-11473

Hon. Matthew F. Leitman

Magistrate Judge Patricia T. Morris

---

Michael D. Homier (P60318)
Laura J. Genovich (P72278)
FOSTER, SWIFT, COLLINS & SMITH, PC
*Attorneys for Plaintiffs*
1700 E. Beltline Ave. NE, Suite 200
Grand Rapids, MI 49525
(616) 726-2200
mhomier@fosterswift.com
lgenovich@fosterswift.com

Joseph W. Colaianne (P47404)
Zachary C. Larsen (P72189)
Bethany G. Stawasz (P75578)
CLARK HILL PLC
*Attorneys for Defendant Four Lakes Task Force*
215 S. Washington Square, St. 200
Lansing, MI 48933
(517) 318-3100
Jcolaianne@clarkhill.com
zlarsen@clarkhill.com
bstawasz@clarkhill.com

Timothy S. Ferrand (P39583)
CUMMINS, MCCLOREY, DAVIS & ACHO, P.L.C.
*Attorneys for Defendant Gladwin County Board of Commissioners*
19176 Hall Road, Suite 205
Clinton Township, MI 48038
(586) 228-5600
tferrand@cmda-law.com
tlange@cmda-law.com

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT
FOUR LAKES TASK FORCE'S MOTION TO EXPEDITE
CONSIDERATION OF ITS MOTION TO DISMISS**

Plaintiffs, by and through their attorneys, FOSTER, SWIFT, COLLINS & SMITH, P.C., hereby submit their response in opposition to Defendant Four Lakes Task Force's motion to expedite consideration of its Motion to Dismiss (ECF No. 9, PageID.291-401).

Plaintiffs rely on the law and argument in the attached brief.

WHEREFORE, for the reasons discussed in the attached brief, Plaintiffs respectfully request that this Honorable Court deny Defendant Four Lakes Task Force's motion to expedite consideration of its Motion to Dismiss.

Respectfully submitted,

FOSTER, SWIFT, COLLINS & SMITH, P.C.
*Attorneys for Plaintiffs*

Dated: July 23, 2024     By: /s/ Michael D. Homier

Michael D. Homier (P60318)
Laura J. Genovich (P72278)
FOSTER, SWIFT, COLLINS & SMITH, P.C.
*Attorneys for Plaintiff*
1700 E. Beltline NE Suite 200
Grand Rapids, Michigan 49525
(616) 726-2230
mhomier@fosterswift.com
lgenovich@fosterswift.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| HERON COVE ASSOCIATION, et al, | Case No. 1:24-cv-11458 |
| Plaintiffs, | |
| | Hon. Matthew F. Leitman |
| | Magistrate Judge Patricia T. Morris |
| v | |
| GLADWIN COUNTY BOARD OF COMMISSIONERS, and FOUR LAKES TASK FORCE | |
| Defendants. | |

| | |
|---|---|
| Michael D. Homier (P60318)<br>Laura J. Genovich (P72278)<br>FOSTER, SWIFT, COLLINS & SMITH, PC<br>*Attorneys for Plaintiffs*<br>1700 E. Beltline Ave. NE, Suite 200<br>Grand Rapids, MI 49525<br>(616) 726-2200<br>mhomier@fosterswift.com<br>lgenovich@fosterswift.com | Joseph W. Colaianne (P47404)<br>Zachary C. Larsen (P72189)<br>Bethany G. Stawasz (P75578)<br>CLARK HILL PLC<br>*Attorneys for Defendant Four Lakes Task Force*<br>215 S. Washington Square, St. 200<br>Lansing, MI 48933<br>(517) 318-3100<br>Jcolaianne@clarkhill.com<br>zlarsen@clarkhill.com<br>bstawasz@clarkhill.com<br><br>Timothy S. Ferrand (P39583)<br>CUMMINS, MCCLOREY, DAVIS & ACHO, P.L.C.<br>*Attorneys for Defendant Gladwin County Board of Commissioners*<br>19176 Hall Road, Suite 205<br>Clinton Township, MI 48038<br>(586) 228-5600<br>tferrand@cmda-law.com<br>tlange@cmda-law.com |

3

**Statement of Facts**

This case, and its companion case, *Heron Cove Association, et al*. v. *Midland County Board of Commissioners, et al*, 1:24-cv-11458, arise from the February 6, 2024 decisions of the Gladwin County Board of Commissioners and the Midland County Board of Commissioners (the "Counties") approving the 5-year operation and maintenance special assessment rolls and the 40-year capital improvement special assessment rolls for the Four Lakes Special Assessment District, which are intended to fund a project to restore Wixom Lake, Sanford Lake, Smallwood Lake, and Secord Lake (collectively the "Four Lakes") following the failure of the Edenville Dam. In 2019, Defendant Gladwin County and Midland County, through their delegated authority, Defendant Four Lakes Task Force ("FLTF"), petitioned the Gladwin and Midland Circuit Courts to set a normal lake level for Secord, Smallwood, Sanford, and Wixom Lakes, and to approve the boundaries of a special assessment district, pursuant to Part 307 of the Michigan Natural Resources and Environmental Protection Act, Act 451 of 1994, as amended, MCL 307.30701 *et seq* ("Part 307"). On May 28, 2019, the Honorable Stephen P. Carras entered an order in Midland County Circuit Court setting normal lake levels for the Four Lakes and establishing the boundaries of the Four Lakes Special Assessment District. On July 18, 2019 (following an order from the Michigan Supreme Court Administrative Office appointing him to that court), Judge Carras entered that order in Gladwin County Circuit Court.

In May 2020, the Edenville Dam failed and the Sanford Dam overflowed, resulting in devasting floods that destroyed properties and decimated communities and industries across Midland and Gladwin Counties. Upon information and belief, in the aftermath of the Edenville Dam failure, Midland and Gladwin County lost substantial tax revenue and tourist traffic. What started as a maintenance assessment then shifted to Defendants' new objective: rebuilding the Secord, Smallwood, Sanford, and Edenville Dams, and restoring the Four Lakes.

On January 23, 2024, the Gladwin County Board of Commissioners adopted a resolution "To Designate Venue/Court For Appeals of Four Lakes Task Force Special Assessment Matters, Pursuant to Statute," which designated venue and conferred jurisdiction upon the Midland County Circuit Court "for all matters relative to the Four Lakes Task Force, and/or special assessments for it as Gladwin County's Delegated Authority." The Counties were required to hold various public hearings before approving the cost of the improvement and the special assessment. MCL 324.30714(2), (3). On February 6, 2024, the Counties approved a 5-year operation and maintenance assessment roll and a 40-year capital assessment roll to reconstruct the dams and restore the Four Lakes.. Notably, contrary to Part 307, construction on the improvements began **<u>before</u>** the Counties confirmed the special assessments.

Plaintiff Heron Cove Association is a Michigan nonprofit corporation organized "[t]o promote the general welfare of its members, owners of any property along or near Secord, Smallwood, Wixom, and Sanford Lakes, including backlot properties with dedicated access. . .., or any property in or touching the Four Lakes Special Assessment District in or around Gladwin and Midland Counties, Michigan." It is comprised of property owners and those with property interests within the Four Lakes Special Assessment District. Individual Plaintiffs are members of the Heron Cove Association who own or have interest in property within the Four Lakes Special Assessment District, representing approximately 750 parcels. HCA[1] timely appealed the Counties' decisions pursuant to MCL 324.301714(4). In the state court appeal, HCA argued that (1) the Counties' decisions were not authorized by law; (2) the Counties' decisions were not supported by competent, material, and substantial evidence on the whole record; (3) the Counties began construction on the improvement before they approved the financing plan and the special

---

[1] For the remainder of this brief, "HCA" refers to the Heron Cove Association and the individual plaintiffs, collectively.

5

assessment rolls by resolution; (4) HCA's properties derive little to no special benefit or gain in market value from the assessments beyond that provided to the community as a whole; (5) the amount of the assessment imposed on HCA's properties are grossly disproportionate to the increase in market value to the properties and constitutes a taking of property without due process of law; and (6) based on the above, the amount of the assessment imposed is an unconstitutional taking of property without just compensation and without due process of law. In that appeal, Plaintiffs requested the state court vacate the special assessment rolls or remand the matter with instructions that the Counties assess the subject parcels in accordance with the law (specifically, that the assessments be roughly proportional to the benefit conferred to the assessed properties). After Judge Carras disqualified himself,[2] on June 20, 2024, Midland Circuit Court Judge Beale issued an opinion and order denying the appeal. HCA subsequently timely filed a claim of appeal and application for leave to appeal to the Michigan Court of Appeals, each of which are currently pending at the time of this writing.

In March 2024, HCA filed these actions in state court. In addition to the arguments raised in the state court appeal, HCA alleged that the appeal process itself was a violation of procedural due process as applied, and that they are entitled to just compensation because the vastly disproportionate assessments are a taking without just compensation (First Amended Complaint, ECF No. 1-2, PageID.44-49). On June 4, 2024, Defendants removed both actions to this District (ECF No. 1).

On July 9, 2024, Defendants filed motions to dismiss under Rule 12(b)(1) and (6) (ECF No. 9), and FLTF filed the present motion to expedite consideration of its motion to dismiss (ECF No. 11).

---

[2] HCA filed a motion to disqualify Judge Carras under the Michigan Court Rules because Judge Carras serves as a trustee of a nonprofit that has donated over $1 million to FLTF's predecessor organization.

On July 17, 2024, both actions were reassigned to this Court following Judge Ludington's opinion and order granting HCA's motion for disqualification (ECF No. 13).[3]

## Law & Argument

These special assessments are believed to be the largest in Michigan's history. The risk of erroneous deprivation of HCA's interests through an expediated schedule cannot be understated.

Part 307 allows "counties to make policy decisions about inland lake levels, and build and finance dams as necessary to maintain the desired lake levels." *In re Project Cost and Special Assessment Roll for Chappel Dam*, 282 Mich App 142, 150; 762 NW2d 192 (2009). Under MCL 324.30705 and MCL 324.30711, counties are authorized to establish a special assessment district to defray the whole or a part of the cost of a project to establish and maintain a normal level for an inland lake. Under MCL 324.30714, a local government seeking to impose a special assessment under Part 307 must first notice and hold a public hearing.

Although a presumption of validity exists regarding special assessments imposed pursuant to statute by local governments, assessments are invalid when statutory procedures, even if followed, run afoul of constitutional rights. See *Dixon Road Group v City of Novi*, 426 Mich 390, 402-403; 395 NW2d 211 (1986). Under Michigan law, a special assessment that is not roughly proportional to the benefit conferred to the assessed property, in the form of increased market value, is a taking without due process of law. *Id*.

No person shall be deprived of life, liberty, or property without due process of law. US Const Am V, XIV; MI Const 1963, art 1, §17. To determine whether a governmental actor has

---

[3] HCA filed a motion to disqualify Judge Ludington under 28 USC 455 because Judge Ludington owns property in the Four Lakes Special Assessment District and Midland County has assessed that property $58,710.41 on the capital assessment roll and $435.66 on the operations and maintenance assessment roll.

7

violated a person's rights to procedural due process, both federal and Michigan courts employ the three-part test from *Matthews v Elridge*, 424 US 319, 335; 96 S Ct 893; 47 L Ed 2d 18 (1976):

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

The private interest affected by the government action in this case is the individual Plaintiffs' ability to remain in their homes or keep their businesses open. Some assessments are nearly equal to the state equalized value of the property. Many Plaintiffs live on fixed incomes. They simply cannot afford such assessments. Without an ability to pay, their homes and businesses will be subject to tax foreclosure, and absolute title will vest in foreclosing *governmental* units. In other words, Defendants will have achieved the taking of private property without just compensation and without complying with the statutory eminent domain process.

In these cases, the Court will be presented with arguments and proofs concerning the flawed methodology, the amount of the special assessments and the constitutional issues involved. To prevent an erroneous deprivation of rights, the parties will need the ability to present proofs as to the methods used to assess, including but not limited to the purpose of the special assessments, the benefit conferred—or the lack thereof—to the subject properties by the special assessments, similar market value comparisons, and how Defendants' arrived at the total revenue necessary to achieve its new objective: rebuilding the dams and restoring the Four Lakes.

FLTF argues that this Court should expedite a decision on its motion to dismiss because delay will harm the rebuilding of the dams, delay the restoration of the Four Lakes, and ultimately cost HCA more money. FLTF partly relies on the Michigan Court of Appeals' interpretation of

Part 307 and the Michigan Drain Code as discussed in *In re Project Cost and Special Assessment Roll for Chappel Dam*, 282 Mich App 142. The Court should deny the motion.

There is a very real risk in this case that expedited procedures will result in erroneous deprivation of property rights. When the protected interests at stake are constitutional in nature, the judiciary's role in protecting against arbitrary government action is at its peak. HCA will argue that the assessments are not reasonably proportional to any benefit conferred to the subject properties due in whole or in part because of the means and methods employed, resulting in a taking of property without due process of law. See i*d*. at 403. Under both the federal and Michigan Constitutions, individual Plaintiffs are entitled to just compensation for such takings.

Defendants' public statements demonstrate that construction on the dams began before the special assessment rolls were approved and final.[4] Defendants committed themselves to certain projects and certain parameters—again, all before the rolls were final. The public hearings required by Part 307 are designed to ensure that governments consider the public interests when reaching their decisions and to protect the public from arbitrary government action. *Chappel Dam*, 282 Mich App at 151. But here, Defendants determined their course of action before the hearings. Although some adjustments were made to the assessments on certain properties, Defendants did not consider the larger constitutional issues involved because they had already decided to proceed with the new dams and finance them through the special assessment district. In other words, Defendants were driven solely by the revenue that had to be generated from special assessments to support the contracts. In fact, Defendants admit that the construction bids received for the final phase of the Edenville Dam were received before the Counties confirmed the rolls and before the period for appeals had run. Throughout the ensuing court proceedings, Defendants have used their own

---

[4] See, e.g., https://www.four-lakes-taskforce-mi.com/document-library-21/category/dam-construction-updates, accessed July 22, 2024.

missteps (including working backward from a revenue number to assess costs without regard to benefit conferred and for ignoring the prohibition against starting construction before confirmation of the rolls) as a reason to rush consideration of weighty issues and constitutional challenges.

Moreover, a speedy resolution of this case does not resolve Defendants' funding issues. HCA has filed a claim of appeal and an application for leave to appeal to the Michigan Court of Appeals. Michigan's appellate process will take considerable time to play out. Construction of the Edenville Dam is also being delayed because of permitting issues.[5]

HCA does not dispute that litigation may cost Defendants additional dollars and that "delays" to dam construction will likely occur. But any delays are the result of Defendants proceeding with the construction process before financing through the special assessments was secured and certainly before the appeal deadline for the assessment roll had run.

Defendants' argument that "legal delays" will only create additional costs resulting in a higher assessment to the property owners must be balanced against HCA's statutory and constitutional rights. It is also an incorrect statement of the law. Defendants' continue to argue that they must apportion 100% of the unfunded costs of the project to the SAD. This assumption rests at the core of their methodology and their arguments in the subsequent judicial proceedings. This assumption, however, rejects all consideration that special assessments conform to constitutional requirements, i.e., that the assessments must confer an increase in market value that is roughly proportional to the assessed amount to the subject properties. As the Michigan Supreme Court explained in *Dixon Road Group v City of Novi*, 426 Mich 390; 395 NW2d 211 (1986), and *Kadzban v City of Grandville*, 442 Mich 495; 502 NW2d 299 (1993), municipal decisions are merely entitled to a *presumption* of validity, and that presumption must give way when

---

[5] https://www.four-lakes-taskforce-mi.com/updates/final-construction-hinges-on-two-critical-factors.

governments effectively take property without due process of law because the assessment imposed is substantially or unreasonably disproportional to the benefit conferred to the assessed property. Defendants can cite to no authority that removes the benefit requirement from Part 307 special assessments.

## Conclusion

For these reasons, Plaintiffs request that the Court DENY FLTF's motion.

Respectfully submitted,

                                        FOSTER, SWIFT, COLLINS & SMITH, P.C.
                                        *Attorneys for Plaintiffs*

Dated: July 23, 2024                By: ___/s/ Michael D. Homier___

                                        Michael D. Homier (P60318)
                                        Laura J. Genovich (P72278)
                                        FOSTER, SWIFT, COLLINS & SMITH, P.C.
                                        1700 E. Beltline NE Suite 200
                                        Grand Rapids, Michigan 49525
                                        (616) 726-2230
                                        mhomier@fosterswift.com
                                        lgenovich@fosterswift.com

89232:00001:200695973-2