# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

HERON COVE ASSOCIATION, et al.

        Plaintiffs,                        Case No. 1:24-cv-11473-MFL-PTM

v.                                            Hon. Matthew F. Leitman

GLADWIN COUNTY BOARD OF        Magistrate Judge Patricia T. Morris
COMMISSIONERS, et al.,

        Defendants,

## DEFENDANT FOUR LAKES TASK FORCE'S
## REPLY IN SUPPORT OF MOTION TO DISMISS

# **TABLE OF CONTENTS**

A. As a Threshold Matter, Collateral Estoppel and Res Judicata Bar Plaintiff's Complaint ................................................................................ 3

    1. The June 20, 2024 Opinion and Order Satisfies the Finality Element ............................................................................................... 3

    2. The Remedy Sought by Plaintiff is Not Relevant to the Instant Analysis ............................................................................................. 4

B. Plaintiffs Do Not Satisfy Federal Pleading Standards ................................. 5

C. Plaintiffs' Complaint Fails to State Any Claim Against FLTF ..................... 7

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...............................................................................................5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)...............................................................................................5

*Bergeron v. Busch*,
  579 N.W.2d 124 (Mich. App. 1998) .....................................................................4

*Carroll v. Lamour*,
  WL 789898 (Jan. 5, 2021) .....................................................................................7

*Ditmore v. Michalik*,
  625 N.W.2d 462 (Mich. Ct. App. 2001).................................................................4

*Dixon Road Group v. City of Novi*,
  395 N.W.2d 211(Mich. 1986) ................................................................................6

*Dubuc v. Green Oak Twp.*,
  312 F.3d 736 (6th Cir. 2002) .................................................................................4

*Hackley v. Hackley*,
  395 N.W.2d 906 (Mich. 1986) ...............................................................................3

*In re Chappel Dam*,
  762 N.W.2d 192 (Mich. Ct. App. 2009).................................................................6

*In re Kramer*,
  543 B.R. 551(Bkcy Ct. E.D. Mich. 2015) ..............................................................3

*Kadzban v. City of Grandville*,
  502 N.W.2d 299 (Mich. 1993) ...............................................................................6

*Knick v. Twp. of Scott, Pennsylvania*,
  588 U.S. 180 (2019)...............................................................................................2

*Mays v. Snyder*,
	916 N.W.2d 227 (Mich. Ct. App. 2018)......................................................... 6

*Williamson Cnty. Reg'l Planning Comm'n v Hamilton Bank of Johnson City*,
	473 U.S. 172 (1985)....................................................................................... 2

## Court Rules & Statutes

28 U.S.C. § 1983 ................................................................................................... 4

Fed. R. Civ. P. 12(b)(6) .................................................................................. 2, 3, 5

It appears Plaintiffs already have tired of prosecuting their asserted claims in this case and its companion, *Heron Cove Ass'n v. Midland Cnty. Bd. of Comm'rs*, inasmuch as they have prepared and submitted just one response to oppose the four currently pending motions to dismiss.[1] (Case No. 24-cv-11473, ECF Nos. 9, 10; Case No. 24-cv-11458, Case Nos. 9, 10) This Reply by FLTF will properly focus on Plaintiffs' responses to the arguments raised by FLTF in its pending Motion.

As a threshold matter, the Court will note that Plaintiffs fail to respond to several of FLTF's arguments, including the argument that Plaintiffs fail to state any viable claim against FLTF, which is a Michigan nonprofit corporation and not a proper Defendant to any of Plaintiffs' counts. This failure amounts to a concession and abandonment of Plaintiffs' asserted claims against FLTF. FLTF's Motion to Dismiss should be granted, for this reason alone.

In addition, FLTF submits that the Court lacks subject matter jurisdiction pursuant to the doctrines of collateral estoppel and res judicata, and pursuant to Article III justiciability principles. For the reasons explained *infra*, Plaintiffs' response fails to overcome these challenges raised by FLTF (and by the Counties)

---

[1] FLTF anticipates that it will soon file motions to consolidate the two companion cases. Plaintiffs' single response to all four pending motions highlights the commonality of the issues of fact and law raised in these two cases and other grounds warranting consolidation.

1

in their respective Motions.[2] FLTF further notes that since FLTF filed its instant Motion to Dismiss on July 9, 2024, Plaintiffs filed an appeal from the State Court's June 20, 2024, Opinion and Order with the Michigan Court of Appeals, as Plaintiffs acknowledge in their Response. This most recent appeal by Plaintiffs constitutes the second time they have sought state court appellate-level review of the special assessments pursuant to the statutory scheme set forth under Part 307. Inasmuch as Plaintiffs have not yet exhausted their state law administrative review remedies under Part 307, this constitutes a further ground on which the Court should refuse to exercise subject matter jurisdiction over the instant Complaint. *See Williamson Cnty. Reg'l Planning Comm'n v Hamilton Bank of Johnson City*, 473 U.S. 172, 186 (1985) (overruled on other grounds by *Knick v. Twp. of Scott, Pennsylvania*, 588 U.S. 180, 181 (2019)).

Finally, federal law requires Plaintiffs to plead sufficient factual material to show the plausibility of their asserted claims. A failure to do so constitutes grounds for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). In the face of FLTF's

---

[2] Among other things, and in response to FLTF's argument that some of the named Plaintiffs lack Article III standing, Plaintiffs provide a chart (Plaintiffs' Exhibit F) that purports to show the interests of these Plaintiffs in property located within the boundaries of the FLSAD. The Court will note that in many instances Plaintiffs admit that the referenced FLSAD property is owned by a trust or other legal entity, in which the named Plaintiff may (or may not) have some type of interest. FLTF respectfully submits that a Plaintiff's interest in the legal entity that owns a given parcel of property is not consubstantial with ownership of the parcel, itself.

2

Rule 12(b)(6) arguments that Plaintiffs' Complaint fails to state sufficient factual matter to establish the requisite elements of Plaintiffs' inverse condemnation and due process claims, Plaintiffs (tellingly) do not spend much, if any, time defending the specific, enumerated allegations of their Complaint. For the reasons set forth in FLTF's principal brief in support of this Motion and those set forth below, FLTF respectfully submits that Plaintiffs' Complaint fails to state any claim upon which relief may be granted and therefore must be dismissed pursuant to Rule 12(b)(6).

### A. As a Threshold Matter, Collateral Estoppel and Res Judicata Bar Plaintiffs' Complaint.

#### 1. *The June 20, 2024 Opinion and Order Satisfies the Finality Element.*

Federal courts have recognized that Michigan case law is littered with language like that relied upon by Plaintiffs in their Response, suggesting that the pendency of an appeal may preclude the application of collateral estoppel or res judicata. Such language, however, is inconsistent with the decision of the Michigan Supreme Court in *Hackley v. Hackley*, 395 N.W.2d 906, 910 (Mich. 1986), and therefore not binding on the federal courts, nor persuasive. *In re Kramer*, 543 B.R. 551, 559 (Bkcy Ct. E.D. Mich. 2015). Specifically, "under Michigan law, a final (*i.e.*, not interlocutory) judgment has preclusive effect under the doctrine of collateral estoppel (also known as issue preclusion), **even when the judgment is on appeal or the time for appeals has not yet expired.**" *Id.* The *Kramer* court proceeded to explain that "[i]f a judgment is not considered final for res judicata [or

3

collateral estoppel] purposes when an appeal is pending, then a plaintiff may file successive claims in multiple jurisdictions during the pendency of the appeal. This would result in exactly the kind of piecemeal litigation that res judicata is designed to guard against." *Id.* at 560. "Piecemeal litigation" is exactly what Plaintiffs are engaged in here. Consistent with applicable federal law, this Court should not permit this piecemeal litigation to continue.

### 2. *The Remedy Sought by Plaintiffs Is Not Relevant to the Instant Analysis.*

Plaintiffs' arguments that they "could not seek just compensation" as a remedy in the State Court proceeding and that they did not previously assert a claim for affirmative relief under 28 U.S.C. § 1983 are inapposite to FLTF's issue and claim preclusion arguments. Collateral estoppel bars the relitigation of an issue of fact "in a subsequent, *different cause of action* between the same parties or their privies when the prior proceeding culminated in a valid final judgment and the issue was actually and necessarily determined in the prior proceeding." *Ditmore v. Michalik*, 625 N.W.2d 462, 467 (Mich. Ct. App. 2001) (emphasis added). Similarly, res judicata bars all claims that were brought or that *could have been brought* in a prior litigation. *Dubuc v. Green Oak Twp.*, 312 F.3d 736, 747 (6th Cir. 2002); *Bergeron v. Busch*, 579 N.W.2d 124, 126 (Mich. App. 1998).

Plaintiffs do not dispute that the operative issues of fact underpinning their counts for inverse condemnation (the alleged disproportionality of the special

4

assessments) and for violation of procedural due process (satisfaction of due process notice and hearing requirements) were actually litigated and decided by the State Court. The specific claims asserted and remedies sought in the instant action do not bear upon the application of collateral estoppel or res judicata to bar relitigation of these issues.

### B. Plaintiffs Do Not Satisfy Federal Pleading Standards.

A plaintiff may not rely on conclusory allegations to survive a Rule 12(b)(6) motion to dismiss. Rather, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As articulated in detail in FLTF's pending Motion to Dismiss, Plaintiffs' Complaint fails to satisfy this operative federal pleading standard in connection with any of the four counts asserted therein.

In response to this argument, and with respect to their inverse condemnation claims, Plaintiffs do not – they cannot – point to any allegation of their Complaint alleging facts that show an actual decrease in the value of the affected properties. (As noted in FLTF's principal brief, Plaintiffs instead allege entirely hypothetical future scenarios wherein they possibly *may* lose their properties to tax foreclosure or *may* be unable to sell their properties.) This failure is fatal to Plaintiffs' counts for inverse condemnation, inasmuch as a decline in property's value is an element

requisite to these causes of action. *See Mays v. Snyder*, 916 N.W.2d 227, 272 (Mich. Ct. App. 2018).

With respect to their procedural due process claims, Plaintiffs' Response similarly ducks the issue raised by FLTF: Plaintiffs do not dispute (nor even address) FLTF's argument they that have not alleged an inadequacy in the notice or hearing opportunity they were given. Plaintiffs further do not dispute that in *In re Chappel Dam*, 762 N.W.2d 192, 197-98 (Mich. Ct. App. 2009), the exact same process as employed in this case under Part 307 was held to satisfied procedural due process requirements, as a matter of law.

Instead, Plaintiffs make two meritless arguments, which the Court must reject. First, Plaintiffs argue (without any factual support) that the FLSAD is a larger special assessment district, with more affected properties, so the Court should disregard the holding of *Chappel Dam*. The Court should decline this invitation to rewrite the law as enunciated in *Chappel Dam*, as it is without any legal merit or support. Second, Plaintiffs point to the holdings of the Michigan Supreme Court in *Dixon Road Group v. City of Novi*, 395 N.W.2d 211(Mich. 1986), and *Kadzban v. City of Grandville*, 502 N.W.2d 299 (Mich. 1993). But neither of these cases involved a claim for violation of procedural (or substantive, for that matter) due process; as such, they are entirely inapposite to the Court's analysis here. As explained in FLTF's principal brief, these cases involved determination of a disproportionality challenge to special

6

assessments, not any claim for affirmative relief.

### C. Plaintiffs' Complaint Fails to State Any Claim Against FLTF.

Finally, Plaintiffs make no attempt, whatsoever, to address FLTF's argument that it is not a proper defendant to their claims for inverse condemnation or violation of due process against FLTF. Plaintiffs' failure to address this argument constitutes a concession and an abandonment of all claims asserted as against FLTF. *See Carroll v. Lamour*, unpub'd decision of the United States District Court for the Eastern District of Michigan, Case No. 20-10879, dated Jan. 5, 2021, 2021 WL 789898, *2 (citing multiple cases and holding that where a plaintiff addresses only certain arguments raised by the defendant in a motion to dismiss, the court may treat those arguments that the plaintiff failed to address as conceded). The Court therefore should dismiss Plaintiffs' Complaint against FLTF for this reason, also.

        Respectfully submitted,

        CLARK HILL PLC

        */s/ Bethany G. Stawasz*
        Joseph W. Colaianne (P47404)
        Zachary C. Larsen (P72189)
        Bethany G. Stawasz (P75578)
        215 South Washington Square, Ste. 200
        Lansing, MI 48933
        517-318-3100
        jcolaianne@clarkhill.com
        zlarsen@clarkhill.com
        bstawasz@clarkhill.com
        *Attorneys for Four Lakes Task Force*

Dated: August 5, 2024

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 5, 2024, the foregoing document was filed with the Court via the CM/ECF system, which will send notification to all attorneys of record.

Respectfully submitted,

CLARK HILL PLC

*/s/. Bethany G. Stawasz                         .*
Joseph W. Colaianne (P47404)
Zachary C. Larsen (P72189)
Bethany G. Stawasz (P75578)
215 South Washington Square, Ste. 200
Lansing, MI 48933
517-318-3100
jcolaianne@clarkhill.com
zlarsen@clarkhill.com
bstawasz@clarkhill.com
*Attorneys for Defendant*
*Four Lakes Task Force*

278365375