UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

HERON COVE ASSOCIATION, et al.

    Plaintiffs,

v.

GLADWIN COUNTY BOARD OF COMMISSIONERS and FOUR LAKES TASK FORCE,

    Defendants.

Case No.: 24-cv-11473
Hon. Matthew F. Leitman
Mag. Judge Patricia T. Morris

---

| | |
|---|---|
| MICHAEL D. HOMIER (P60318)<br>LAURA J. GENOVICH (P72278)<br>KEITH T. BROWN (84193)<br>Foster, Swift, Collins & Smith, PC<br>Attorney for Plaintiffs<br>1700 E. Beltline Ave., NE, Ste. 200<br>Grand Rapids, MI 49525<br>(616) 726-2200<br>mhomier@fosterswift.com<br>lgenovich@fosterswift.com<br>kbrown@fosterswift.com | TIMOTHY S. FERRAND (P39583)<br>Cummings, McClorey, Davis & Acho, P.L.C.<br>Attorney for Gladwin County Board of Commissioners<br>19176 Hall Road, Suite 205<br>Clinton Township, MI 48038<br>(586) 228-5600<br>tferrand@cmda-law.com<br>tlange@cmda-law.com<br><br>JOSEPH W. COLAIANNE (P47404)<br>ZACHARY C. LARSEN (P72189)<br>Clark Hill PLC<br>Attorney for Four Lakes Task Force<br>215 S. Washington Square, Suite 200<br>Lansing, MI 48933<br>(517) 318-3029<br>jcolaianne@clarkhill.com<br>zlarsen@clarkhill.com |

## **REPLY REGARDING DEFENDANT GLADWIN COUNTY BOARD OF COMMISSIONERS' MOTION TO DISMISS**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii

LAW AND ARGUMENT .......................................................................................1

I.     HCA Lacks Associational Standing................................................................1

II.    The Individual Plaintiffs Who Do Not Own Property in the SAD and/or Whose Properties Have Been Assessed $0 Lack Standing ..............................2

III.   Plaintiffs' Claims Are Precluded ....................................................................3

      A.    An Appeal of a Judgement Does not Alter Its Preclusive Effect ..........3

      B.    The State Court's Decision Bars These Claims ....................................4

IV.   Plaintiffs Did Not Plead a Valid Inverse Condemnation/Taking Claim ..........5

V.    Plaintiffs Have Failed to Plead a Valid Procedural Due Process Claim..........6

# **TABLE OF AUTHORITIES**

**Cases**

*Ahearn v. Bloomfield Charter Twp.*, 597 N.W.2d 858, 861 (Mich. Ct. App. 1999)..5
*Albright v. Oliver,* 510 U.S. 266 (1994)..................................................................7
*Assn. of Am. Physicians & Surgeons v. FDA*, 13 F.4th 531, 537 (6th Cir. 2021)......1
*Assn. of Am. Physicians*, 13 F.4th at 545 ...............................................................3
*Bevan v. Brandon Twp.*, 475 N.W.2d 37, 46 (Mich. 1991).........................................6
*Chakan v. City of Detroit*, 998 Fed. Supp. 779, 783 (E.D. Mich. 1998) ...................3
*Chappel Dam*, 762 N.W.2d at 197-98......................................................................7
*City of Troy Bldg. Insp. v. Hershberger*, 183 N.W.2d 430, 433 (Mich. Ct. App. 1970) ...................................................................................................................3
*Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) ........................................3
*D.A.B.E., Inc. v. Toledo*, 393 F.3d 692, 696 n.1 (6th Cir. 2005) ...............................6
*Daily Servs., LLC v. Valentino*, 756 F.3d 893, 904 (6th Cir. 2014) .........................7
*Dixon Road Group v. City of Novi*, 395 N.W.2d 211, 216-17 (Mich. 1986) .............7
*Dorman v. Clinton Twp.*, 714 N.W.2d 350, 358 (Mich. Ct. App. 2006)....................6
*Farmers Ins. Exchange v. Young*, No. 275584, 2010 WL 3021860, at *6 (Mich. Ct. App. Aug. 3, 2010).................................................................................................4
*Hackley v. Hackley,* 395 N.W.2d 906, 910 (Mich. 1986) ..........................................3
*In re Chappel Dam*, 762 N.W.2d 192 (Mich. Ct. App. 2009)...................................7
*In re Kramer*, 543 B.R. 551, 557 (E.D. Mich. 2015)................................................4
*K & K Const. v. DNR*, 575 N.W.2d 531, 535 (Mich. 1998).......................................5
*Keystone Bituminous Coal Ass'n v. DeBenedictis*, 480 U.S. 470, 485-86 (1987).....5
*Leahy v. Orion Twp.*, 711 N.W.2d 438 (Mich. Ct. App. 2006) ..................................3
*Lucas v. South Carolina Coastal Council*, 505 U.S. 1003, 1016 (1992)...................6
*Neighborhood Action Coal. v. City of Canton, Ohio*, 882 F.2d 1012, 1017 (6th Cir. 1989) ......................................................................................................................1
*NRA v. Magaw*, 132 F.3d 272, 280 (6th Cir. 1997)...................................................2
*Penn Central Transp. Co. v. New York City,* 438 U.S. 104, 124 (1978)....................5
*Rayfield v. Am. Reliable Ins. Co.,* No. 13-12709, 2014 WL 6455594, at *5, 7 (E.D. Mich. Nov. 17, 2014) ..............................................................................................3
*Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) ....................................................3
*Temple v. Kelel Dist. Co., Inc.*, 454 N.W.2d 610, 611 (Mich. Ct. App. 1990)...........3
*Warth v. Seldin*, 422 U.S. 490, 516 (1975)...............................................................1
*Warth*, 422 U.S. at 515-16........................................................................................2

## LAW AND ARGUMENT

### I.     HCA Lacks Associational Standing

An association that has suffered no personal injury only has standing to sue over injuries suffered by its members if it shows that: "(1) its 'members would otherwise have standing to sue in their own right'; (2) the 'interests' that the suit 'seeks to protect are germane to the organization's purpose'; and (3) 'neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.'"  *Assn. of Am. Physicians & Surgeons v. FDA*, 13 F.4th 531, 537 (6th Cir. 2021).

To satisfy the first element, the association must "identify a member who has suffered (or is about to suffer) a concrete and particularized injury from the defendant's conduct…[and] show that its requested relief will redress this injury." *Id.* at 542-43.  "[A] yet-to-happen 'injury must be *certainly impending* to constitute an injury in fact'; the mere possibility that the injury will arise in the future does not suffice." *Id.* at 545.  Where the association fails to show the existence of an injury to its members of sufficient immediacy and ripeness to warrant judicial intervention, it has no standing.  *Warth v. Seldin*, 422 U.S. 490, 516 (1975).

To satisfy the third element, the claims cannot require individualized proof.  *Neighborhood Action Coal. v. City of Canton, Ohio*, 882 F.2d 1012, 1017 (6th Cir. 1989).  An association has no standing where the damages claims are not common

to the entire membership. *Warth*, 422 U.S. at 515-16.

This litigation involves individualized claims and relief for each Plaintiff. Each property varies in size, location, frontage, and lake access. As such, each assessment varies. Each Plaintiff claims a Taking and a diminution in property value, requiring individual proof for each property. The nature of the claim (Fifth Amendment Taking) and the relief requested (diminution of property value) requires each named Plaintiff to participate. HCA therefore lacks associational standing, and its participation in this case is neither necessary nor proper. Indeed, as Judge Ludington recognized, the individual property owners' claims conflict with each other as successfully lowering one requires increasing others', creating an inherent conflict for both HCA and Plaintiffs' counsel. (**ECF No. 13**, PageID.448 n.11)

Finally, the line of causation between the special assessment and the theoretical resultant injuries – some properties' net worth *may* decline, some plaintiffs *may* not be able to sell their properties, some plaintiffs *may* lose their homes to foreclosure – is too attenuated to confer standing. *See NRA v. Magaw*, 132 F.3d 272, 280 (6th Cir. 1997).

**II.    *The Individual Plaintiffs Who Do Not Own Property in the SAD and/or Whose Properties Have Been Assessed $0 Lack Standing***

To establish injury in fact, "a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' which is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 578

{02108827-1} 2

U.S. 330, 338 (2016). To be concrete, the injury must exist. *Id.* at 340. To be actual and imminent, the injury must be "certainly impending." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013).

The Plaintiffs who do not own property in the special assessment district and/or who have been assessed $0 do not have an actual, certainly impending injury. Plaintiffs' speculation that they may someday own property assessed some amount is not sufficient to confer standing now. *Assn. of Am. Physicians*, 13 F.4th at 545.

### III. *Plaintiffs' Claims Are Precluded*

#### A. *An Appeal of a Judgment Does Not Alter Its Preclusive Effect*

"Michigan and federal courts agree that an appeal of a judgment does not alter the preclusive effect of the same." *Chakan v. City of Detroit*, 998 Fed. Supp. 779, 783 (E.D. Mich. 1998) (citing *City of Troy Bldg. Insp. v. Hershberger*, 183 N.W.2d 430, 433 (Mich. Ct. App. 1970)). *See also Rayfield v. Am. Reliable Ins. Co.,* No. 13-12709, 2014 WL 6455594, at *5, 7 (E.D. Mich. Nov. 17, 2014) (**Ex. A**); *Hackley v. Hackley,* 395 N.W.2d 906, 910 (Mich. 1986); *Temple v. Kelel Dist. Co., Inc.*, 454 N.W.2d 610, 611 (Mich. Ct. App. 1990).

*Leahy v. Orion Twp.*, 711 N.W.2d 438 (Mich. Ct. App. 2006) stands only for the unremarkable proposition that when all appeals have been exhausted or the time for appeal has passed a final decision has been reached. "[B]y its own terms, *Leahy* does not preclude the possibility that a judgment may be final for collateral estoppel

purposes *before* it is fully resolved on appeal or the time for appeals has run." *In re Kramer*, 543 B.R. 551, 557 (E.D. Mich. 2015). It "does not necessarily permit a party to collaterally attack a judgment that has yet to be finalized on appeal." *Id.* (quoting *Farmers Ins. Exchange v. Young*, No. 275584, 2010 WL 3021860, at *6 (Mich. Ct. App. Aug. 3, 2010) (**Ex. B**)).

### B. The State Court's Decision Bars These Claims

Plaintiffs' claims are predicated on the arguments that the assessment is substantially and unreasonably disproportionate to the value/benefits accrued to the properties assessed and/or that they were not given adequate notice and opportunity to be heard. (**ECF No. 1-2,** PageID.43-48) The State Court has already determined that the assessment was both proportionate and supported by competent and reliable evidence, and that adequate notice and hearings were provided. (**ECF No. 9-3**, PageID.161-63, 164-67)

The claims asserted in this case (Fifth Amendment Taking and Fourteenth Amendment Due Process) were decided below, and the relief requested here would directly contravene the State Court's ruling. If the assessment takes all property value, then it is not "proportionate to the value of the property." If the assessment was arbitrary then it was not supported by "competent evidence." If the Plaintiffs were denied notice and a hearing, then they were not afforded the process provided by State statute. The State Court's decision precludes the current claims and relief

{02108827-1} 4

sought in this litigation.

### IV. Plaintiffs Did Not Plead a Valid Inverse Condemnation/Taking Claim

Plaintiffs have failed to adequately plead that the character of the Counties' actions, economic effect on Plaintiffs' properties, and interference with distinct, investment-backed expectations have resulted in a taking/inverse condemnation. *See K & K Const. v. DNR*, 575 N.W.2d 531, 535 (Mich. 1998); *Keystone Bituminous Coal Ass'n v. DeBenedictis*, 480 U.S. 470, 485-86 (1987).

First, Plaintiffs' claims arise out of a "public program adjusting the benefits and burdens of economic life to promote the common good," which is not a taking as a matter of law. *Penn Central Transp. Co. v. New York City,* 438 U.S. 104, 124 (1978). Special assessments for public improvements are valid when a special benefit is conferred upon the assessed properties over and above that conferred upon the community. *Ahearn v. Bloomfield Charter Twp.*, 597 N.W.2d 858, 861 (Mich. Ct. App. 1999). The State Court established that Plaintiffs' properties will derive special benefit from the restoration of the lakes. (**ECF No. 9-3**, PageID.168) It also established that the assessment was applied proportionately. (**Id.**, PageID.165-69)

Plaintiffs' assertion that others should be assessed is contrary to the law. Only **properties** upon which a special benefit is being conferred may be specially assessed. Other **people** living, working, or visiting in the County which "may benefit" from the existence of the lakes do not own benefiting **properties**. The only

properties benefitting are the lakefront and lakeview properties included in the special assessment.

Second, Plaintiffs have not (and cannot) plead that their property values have been destroyed, or that they are precluded from using their land for any reasonably adapted purpose. *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003, 1016 (1992); *Bevan v. Brandon Twp.*, 475 N.W.2d 37, 46 (Mich. 1991). They have asserted nothing more than a speculative diminution in property value, which does not amount to either a taking or an inverse condemnation as a matter of law. *D.A.B.E., Inc. v. Toledo*, 393 F.3d 692, 696 n.1 (6th Cir. 2005); *Dorman v. Clinton Twp.*, 714 N.W.2d 350, 358 (Mich. Ct. App. 2006).

Finally, Plaintiffs cannot identify interference with a reasonable investment-backed expectation. Plaintiffs acquired lake front and lake view properties. The lakes need to be maintained for their benefit. Their expectation (if any) was always that there would be four lakes, dams controlling them, and properties assessed to maintain them. The dam failure and need for restoration was always a possibility. Basing the assessment on size, location, and access to the lake does not interfere with the reasonable expectations of a lake front and lake view property owner.

### V.    *Plaintiffs Have Failed to Plead a Valid Procedural Due Process Claim*

Plaintiffs are correct that they have no valid substantive due process claim arising out of the facts and circumstances of this case. Defendant's observation was

that the dicta contained in *Dixon Road Group v. City of Novi*, 395 N.W.2d 211, 216-17 (Mich. 1986) (decided prior to *Albright v. Oliver,* 510 U.S. 266 (1994)) was clearly contemplating substantive, not procedural, due process.  It is therefore inapposite to Plaintiffs' procedural due process claim, which is the only theory pled.

Plaintiffs also have no procedural due process claim. As the State Court has already determined, Plaintiffs were afforded all process and protection due under state law. (**ECF No. 9-3**, PageID.162-63) Defendants not only followed the procedures outlined in the Inland Lake Level Act and *In re Chappel Dam*, 762 N.W.2d 192 (Mich. Ct. App. 2009), but went beyond them.  (**Id.**) Plaintiffs received actual notice.  (**Id.**) A public hearing was held, at which Plaintiffs had the opportunity to discuss their properties and the assessment, and object to the rolls.  (**Id.**) Plaintiffs were then able to appeal the assessment to the state circuit court.  (**ECF Nos. 9-2, 9-3**) This was sufficient to satisfy due process.  *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 904 (6th Cir. 2014); *Chappel Dam*, 762 N.W.2d at 197-98.  The amount of the assessment does not change the process due.  There is no law to the contrary.

Finally, Plaintiffs' argument that the Counties established the assessment for one project and then used the proceeds derived for another is specious.  The SAD was established to repair the dams and maintain the lakes.  The properties included were the properties receiving special benefits. That intervening circumstances caused the costs to increase does not render this an "alternative project."

Respectfully Submitted,

**Cummings, McClorey, Davis & Acho, PLC**

By: /s/ TIMOTHY S. FERRAND
TIMOTHY S. FERRAND (P39583)
Attorney for Gladwin County Board of Commissioners
19176 Hall Road, Suite 205
Clinton Township, MI 48038
(586) 228-5600

Dated: August 13, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: none.

**Cummings, McClorey, Davis & Acho, PLC**

By: /s/ Timothy S. Ferrand

{02108827-1} 8