# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

HERON COVE ASSOCIATION, et al.

    Plaintiffs,

v.

GLADWIN COUNTY BOARD OF COMMISSIONERS, et al.,

    Defendants,

Case No. 1:24-cv-11473-MFL-PTM

Hon. Matthew F. Leitman

Magistrate Judge Patricia T. Morris

## RESPONSE OF DEFENDANT FOUR LAKES TASK FORCE IN OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY JULY 17, 2024 OPINION AND ORDER

## TABLE OF CONTENTS

ISSUE PRESENTED ................................................................................................ ii

CONTROLLING AUTHORITY ............................................................................ iii

INDEX OF AUTHORITIES ................................................................................... iv

A.   Plaintiffs' Motion Must Be Denied as Unsupported by Applicable
     Law and Otherwise Legally and Factually Meritless ..................................... 1

## ISSUE PRESENTED

Whether the Court should deny Plaintiffs' Motion to Modify the Court's July 17, 2024 Opinion and Order, where Plaintiffs cite to no legal authority supporting their request and therefore have abandoned the issue?

## CONTROLLING AUTHORITY

*McPherson v. Kelsey*, 125 F.3d 989 (6th Cir. 1997)

*Wholesale Petroleum Partners, L.P. v. S. Cent. Bank of Daviess Cnty., Inc.*, 565 F. App'x 361 (6th Cir. 2014)

# INDEX OF AUTHORITIES

*McPherson v. Kelsey*,
  125 F.3d 989 (6th Cir. 1997) ........................................................................ 2

*Wholesale Petroleum Partners, L.P. v. S. Cent. Bank of Daviess Cnty., Inc.*,
  565 F. App'x 361 (6th Cir. 2014) ................................................................. 2

A.  **Plaintiffs' Motion Must Be Denied as Unsupported by Applicable Law and Otherwise Legally and Factually Meritless.**

Plaintiffs' instant Motion to Modify the Court's July 17, 2024 Opinion and Order appears to be nothing more than the proverbial "red herring," intended to distract the Court's attention from determination of the pending Motions to Dismiss in this case and its companion, *Heron Cove Association, et al v. Midland County Bd. of Commissioners, et al*, Case No. 24-cv-11458, and to defame the Hon. Thomas J. Ludington, with legally unfounded accusations that he has violated the Judicial Code of Conduct for United States Judges.  This conduct by Plaintiffs and their counsel is disgraceful and should be reprimanded.  In any event, and this aside, Plaintiffs' instant Motion must be denied as without legal merit for two simple reasons.

First, there can be no dispute that language contained in the Opinion and Order at issue does not constitute a prohibited "public comment."  The referenced Canon 3(A)(6) provides, "A judge should not make public comment on the merits of a matter pending or impending in any court," but expressly excludes from the scope of this prohibition "public statements made in the course of the judge's official duties."  Plaintiffs notably cite to no legal authority or illustrative case supporting their contention that language contained in a Court's written opinion can constitute a prohibited "public comment."  Indeed, it would defy logic for this Court to determine that language contained in a written opinion and order constitutes a "public comment" not "made in the course of [a] judge's official duties."

1

Second, even if language contained in a written opinion could constitute prohibited "public comment" (it cannot), Plaintiffs fail to point this Court to any authority supporting their contention that such "public comment" would form a basis for their requested relief in the form of an order modifying or rescinding the Court's prior opinion and order in which Judge Ludington recused himself. In other words, Plaintiffs utterly fail to connect the dots between an asserted violation of Canon 3(A)(6) and modification or rescission of the prior order. Inasmuch as Plaintiffs have not provided this Court with legal authority supporting their request for relief, their Motion must be denied. *See McPherson v. Kelsey*, 125 F.3d 989, 995–996 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones."); *Wholesale Petroleum Partners, L.P. v. S. Cent. Bank of Daviess Cnty., Inc.*, 565 F. App'x 361, 366 (6th Cir. 2014) (declining to address an issue, because the party "offer[ed] no citations to any legal authority in support of its position").

For these reasons, Defendant Four Lakes Task Force respectfully submits that the Court should deny Plaintiffs' instant Motion.

2

3

      Respectfully submitted,

      CLARK HILL PLC

      */s/. Bethany G. Stawasz* .
      Joseph W. Colaianne (P47404)
      Zachary C. Larsen (P72189)
      Bethany G. Stawasz (P75578)
      215 South Washington Square, Ste. 200
      Lansing, MI 48933
      517-318-3100
      jcolaianne@clarkhill.com
      zlarsen@clarkhill.com
      bstawasz@clarkhill.com
      *Attorneys for Defendant*
      *Four Lakes Task Force*

Dated: August 29, 2024

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on August 29, 2024, the foregoing document was filed with the Court via the CM/ECF system, which will send notification to all attorneys of record.

Respectfully submitted,

CLARK HILL PLC

*/s/. Bethany G. Stawasz                    .*
Joseph W. Colaianne (P47404)
Zachary C. Larsen (P72189)
Bethany G. Stawasz (P75578)
215 South Washington Square, Ste. 200
Lansing, MI 48933
517-318-3100
jcolaianne@clarkhill.com
zlarsen@clarkhill.com
bstawasz@clarkhill.com
*Attorneys for Defendant*
*Four Lakes Task Force*