UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

HERON COVE ASSOCIATION, et al.

Plaintiffs,

v.

Case No.: 24-cv-11473
Hon. Matthew F. Leitman
Mag. Judge Patricia T. Morris

GLADWIN COUNTY BOARD OF COMMISSIONERS and FOUR LAKES TASK FORCE,

Defendants.

MICHAEL D. HOMIER (P60318)
LAURA J. GENOVICH (P72278)
KEITH T. BROWN (84193)
Foster, Swift, Collins & Smith, PC
Attorney for Plaintiffs
1700 E. Beltline Ave., NE, Ste. 200
Grand Rapids, MI 49525
(616) 726-2200
mhomier@fosterswift.com
lgenovich@fosterswift.com
kbrown@fosterswift.com

TIMOTHY S. FERRAND (P39583)
Cummings, McClorey, Davis & Acho, P.L.C.
Attorney for Gladwin County Board of Commissioners
19176 Hall Road, Suite 205
Clinton Township, MI 48038
(586) 228-5600
tferrand@cmda-law.com
tlange@cmda-law.com

JOSEPH W. COLAIANNE (P47404)
ZACHARY C. LARSEN (P72189)
Clark Hill PLC
Attorney for Four Lakes Task Force
215 S. Washington Square, Suite 200
Lansing, MI 48933
(517) 318-3029
jcolaianne@clarkhill.com
zlarsen@clarkhill.com

**DEFENDANT GLADWIN COUNTY BOARD OF COMMISSIONERS' RESPONSE TO PLAINTIFFS' MOTION TO MODIFY JULY 17, 2024 OPINION & ORDER (ECF NO. 21)**

Defendant GLADWIN COUNTY BOARD OF COMMISSIONERS, by and through its attorneys, CUMMINGS, McCLOREY, DAVIS & ACHO, PLC, hereby

opposes Plaintiffs' Motion to Modify July 17, 2024 Opinion & Order.

Defendant denies that any portion of the Opinion violates Canon 3 of the Code for United States Judges.

Defendant agrees that Plaintiffs sought concurrence in the relief requested in this motion, and that Defendant did not concur.

WHEREFORE, for all these reasons and for those in the attached brief, Defendant GLADWIN COUNTY BOARD OF COMMISSIONERS respectfully requests this Honorable Court enter an Order denying Plaintiffs' Motion to Modify July 17, 2024 Opinion and Order.

Respectfully Submitted,

***Cummings, McClorey, Davis & Acho, PLC***

By: /s/ TIMOTHY S. FERRAND
TIMOTHY S. FERRAND (P39583)
Attorney for Gladwin County Board of Commissioners
19176 Hall Road, Suite 205
Clinton Township, MI 48038
(586) 228-5600

Dated: August 30, 2024

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

HERON COVE ASSOCIATION, et al.

Plaintiffs,

v.

Case No.: 24-cv-11473
Hon. Matthew F. Leitman
Mag. Judge Patricia T. Morris

GLADWIN COUNTY BOARD OF COMMISSIONERS and FOUR LAKES TASK FORCE,

Defendants.

MICHAEL D. HOMIER (P60318)
LAURA J. GENOVICH (P72278)
KEITH T. BROWN (84193)
Foster, Swift, Collins & Smith, PC
Attorney for Plaintiffs
1700 E. Beltline Ave., NE, Ste. 200
Grand Rapids, MI 49525
(616) 726-2200
mhomier@fosterswift.com
lgenovich@fosterswift.com
kbrown@fosterswift.com

TIMOTHY S. FERRAND (P39583)
Cummings, McClorey, Davis & Acho, P.L.C.
Attorney for Gladwin County Board of Commissioners
19176 Hall Road, Suite 205
Clinton Township, MI 48038
(586) 228-5600
tferrand@cmda-law.com
tlange@cmda-law.com

JOSEPH W. COLAIANNE (P47404)
ZACHARY C. LARSEN (P72189)
Clark Hill PLC
Attorney for Four Lakes Task Force
215 S. Washington Square, Suite 200
Lansing, MI 48933
(517) 318-3029
jcolaianne@clarkhill.com
zlarsen@clarkhill.com

**BRIEF REGARDING DEFENDANT GLADWIN COUNTY BOARD OF COMMISSIONERS' RESPONSE TO PLAINTIFFS' MOTION TO MODIFY JULY 17, 2024 OPINION & ORDER (ECF NO. 21)**

# TABLE OF CONTENTS


TABLE OF AUTHORITIES ... ii

STATEMENT OF RELEVANT FACTS ... 1

I. Parties and Claims ... 1

II. The Motion and Order for Recusal of Judge Ludington ... 2

LAW AND ARGUMENT ... 4

I. The Coe of Conduct for United States Judges Contains No Enforcement Mechanism and a Violation Thereof Does Not Necessarily Establish an Appearance of Impropriety ... 5

II. Judge Ludington's Opinion and Order Did not Violate Canon 3(A)(2) ... 6

III. Judge Ludington's Opinion and Order Did Not Violate Canon 3(A)(6) ... 7

A. The Complained-Of Statements Are Not "Public Comments" ... 7

B. The Complained-Of Statements Do Not Involve the Merits of the Case ... 8

IV. Judge Ludington's Observations Were Entirely Proper in a Recusal Analysis ... 9

RELIEF REQUESTED ... 11

# TABLE OF AUTHORITIES

## Cases

*Arrowood Indem. Co. v. City of Warren, Mich.*, 54 F.Supp.3d 723, 726 (E.D. Mich. 2014) ....................10
*Buell v. Mitchell*, 274 F.3d 337, 345 (6th Cir. 2001)....................9
*Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 541 U.S. 913, 924 (2004).....9
*Decker v. GE Healthcare, Inc.*, 770 F.3d 378, 389 (6th Cir. 2014) ....................8
*Decker*, 770 F.3d at 389 ....................9
*Edmonds v. Smith,* 922 F.3d 737, 739-40 (6th Cir. 2019)....................5
*Garrett v. Ohio State Univ.*, 60 F.4th 359, 368 (6th Cir. 2023)....................10
*Gerber v. Veltri,* 702 Fed. Appx. 423, 433 (6th Cir. 2017) ....................5
*In re Allied-Signal, Inc.*, 891 F.2d 967, 970 (1st Cir. 1989)....................10
*In re Barry,* 946 F.2d 913, 914 (D.C. Cir. 1991)....................5
*In re Boston's Children First*, 244 F.3d 164, 168 (1st Cir. 2001) ....................5
*In re Marshall*, 403 B.R. 668, 682 (C.D. Cal. 2009), *aff'd*, 721 F.3d 1032 (9th Cir. 2013) ....................8
*In re Martinez-Catala*, 129 F.3d 213, 220 (1st Cir. 1997) ....................10
*Laird v. Tatum*, 409 U.S. 824, 837 (1972)....................10
*Metro. Opera Ass'n, Inc. v. Loc. 100, Hotel Emps. & Rest. Emps. Int'l Union*, 332 F.Supp.2d 667, 670-71 (S.D.N.Y. 2004)....................5
*Microsoft*, 253 F.3d at 114....................5
*Reed v. Rhodes*, 179 F.3d 453, 467 (6th Cir. 1999)....................9
*Scott v. Metro Health Corp.,* 234 Fed. Appx. 341, 354 (6th Cir. 2007)....................9
*Scott*, 234 Fed. Appx. at 353 ....................10
*Sellan v. Kuhlman*, 261 F.3d 303, 311 (2d Cir. 2001) ....................9
*Semtek Intern. Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 501-02 (2001)...........9
*United States v. Balistrieri,* 779 F.2d 1191, 1202 (7th Cir. 1985) ....................10
*United States v. Ciavarella*, 716 F.3d 705. 719 (3d Cir. 2013)....................7
*United States v. Cooley*, 1 F.3d 985, 995 (10th Cir. 1993) ....................8
*United States v. Fortier*, 242 F.3d 1224, 1229-30 (10th Cir. 2001)....................6
*United States v. Microsoft Corp.*, 253 F.3d 34, 107 (D.C. Cir. 2001)....................8
*United States v. Microsoft Corp.*, 253 F.3d 34, 114 (D.C. Cir. 2001)....................5
*White v. Nat'l Football League*, 585 F.3d 1129, 1140 (8th Cir. 2009) ....................5
*White*, 585 F.3d at 1138....................8

**Statutes**

28 U.S.C. § 455(a) ........................................................................................8, 9

**Other Authorities**

Canon 3(B)(6) ........................................................................................11
MRPC 8.3........................................................................................11

## STATEMENT OF RELEVANT FACTS

### *I. Parties and Claims*

This case arises out of a special assessment to fund the acquisition, remediation, repair, and reconstruction of the Secord, Smallwood, Wixom, and Sanford Lakes dams (the "Four Lakes") following the failure of the Edenville and Sanford Dams in May of 2020. Plaintiffs are Heron Cove Association ("HCA") -- a nonprofit corporation comprised of "property owners and interest holders" within or adjacent to the Four Lakes Special Assessment District ("SAD") -- and individual members of HCA. (**ECF No. 1-2**, PageID.35) Defendants are the Gladwin County Board of Commissioners and the Four Lakes Task Force ("FLTF"), the County's designated authority under Part 307 of Michigan's Natural Resources and Environmental Protection Act, MCL 307.30701 *et seq*.

Plaintiffs filed this four-count Complaint alleging that the special assessment has resulted in an Inverse Condemnation under the Michigan Constitution (Count I) a Taking under the Federal Constitution (Count II), and a violation of Procedural Due Process under the State and Federal Constitutions (Counts III and IV). (**Id.**, PageID.43-48) Plaintiffs seek amendment and reapportionment of the special assessment rolls. (**Id.**, PageID.49)

Defendants filed Motions to Dismiss, which are pending. (**ECF Nos. 9, 10**)

### *II. The Motion and Order for Recusal of Judge Ludington*

This case was originally assigned to Judge Ludington. Plaintiffs sought Judge Ludington's disqualification because he and his family own property on Sanford Lake which is included in the SAD. (**ECF No. 12**; **ECF No. 13**, PageID.437) Judge Ludington issued an Opinion and Order Granting Plaintiff's Motion to Disqualify on July 17, 2024 (**ECF No. 13**).

In the Opinion and Order, Judge Ludington outlined the facts and circumstances known to the Court. The Opinion identifies the parties, the failure of the Edenville Dam, the resulting flooding, and the creation of the SAD. The Opinion identifies the procedural history, law, and formula for the special assessment, as determined by the State Circuit Court. Finally, the Opinion identifies the claims asserted herein. (**ECF No. 13**, PageID.435-445)

The Opinion also identifies the standard for recusal of a judge under 28 U.S.C. § 455(a) and two potential rationales for Judge Ludington's disqualification in this case: (1) charitable contributions for flood aid provided by foundations he is involved with; and (2) his and his wife's financial interest in the property they own on Sanford Lake, which is included in the SAD. (**Id.**, PageID.446-447)

The Opinion explains that the charitable contributions "were intended to address humanitarian concerns in the immediate aftermath of the floods and *not* the later efforts of FLTF to make special assessments." (**Id.**, PageID.447) As such,

Judge Ludington found that they "cannot reasonably be construed as an endorsement of the FLTF's special assessment initiative to reconstruct the dams," and are therefore not a basis for recusal. (**Id.**)

The Opinion then recognizes that Judge Ludington's ownership of property on the former Sanford Lake and inclusion in the SAD could result in questions regarding impartiality because of financial interest that could be affected by the outcome of this case. (**Id.**) Specifically, a reduction in the apportionment of the SAD to one property, or one class of properties, would necessarily increase the apportionment to the other properties. (**Id.**) The Opinion points out that this inherent conflict exists for the owners of each property and to the attorney who seeks to represent more than one property owner. (**Id.**, PageID.448 n.11) Michigan Rule of Professional Conduct 1.7 provides, "[A] lawyer shall not represent a client if the representation of that client will be directly averse to another client.") (**Id.**)

Ultimately, Judge Ludington concluded that he would be able to set aside his personal interests and impartially preside over this case. However, continuing would "risk an additional appeal that would likely delay final disposition on the merits, which could result in 'lost construction bids, increased costs, and' further delays in financing related to the reconstruction project such that it would result in even higher assessments to the FLSAD property owners." (**Id.**, PageID.447 n.10) He therefore granted Plaintiffs' motion and disqualified himself from this case. (**Id.**, PageID.448)

Plaintiffs now move to strike certain portions of Judge Ludington's opinion. (**ECF No. 21**) Specifically, Footnotes 1-3 (detailing procedural anomalies related to the parties and claims), Pages 8-9 (outlining the formation of the Heron Cove Association pursuant to publicly available documents), Footnote 11 (the observation of Plaintiffs' attorneys' apparent conflict of interest), and an observation on Page 10 that Plaintiffs' "principal factual assertion – that all residents of Gladwin and Midland Counties should have been included in the assessment district – is disconnected from their legal theories and causes of action." (See **Id.**, PageID.812)

Plaintiffs argue these statements violated Canons 3(A)(2) and 3(A)(6) of the Code of Conduct for United States Judges. (**Id.**, PageID.815-817) They claim that these statements should be vacated "to promote public confidence in the integrity of the judicial process" and avoid "creating an appearance of impropriety." (**Id.**, PageID.817)

Plaintiffs' motion should be denied. The Opinion does not violate either Canon 2(A)(2) or 2(A)(6). The complained-of statements were made in a judicial order issued by the appointed judge, and formulate the basis for the recusal analysis. Furthermore, there is no legal basis warranting Plaintiff's requested modifications.

## LAW AND ARGUMENT

While courts do possess the authority and discretion to revisit or modify their own rulings before final judgment, *Edmonds v. Smith,* 922 F.3d 737, 739-40 (6th Cir.

2019), Plaintiff has articulated no legal basis warranting the requested modifications to Judge Ludington's Opinion and Order.

### I. *The Code of Conduct for United States Judges Contains No Enforcement Mechanism and a Violation Thereof Does Not Necessarily Establish an Appearance of Impropriety*

As an initial matter, the Code of Conduct for United States Judges "contains no enforcement mechanism. The Canons…are self-enforcing." *United States v. Microsoft Corp.*, 253 F.3d 34, 114 (D.C. Cir. 2001) (internal citations omitted). "The only remedies for violation of the Code are the institution of a disciplinary complaint or a motion to disqualify pursuant to 28 U.S.C. § 144 or 455." *Metro. Opera Ass'n, Inc. v. Loc. 100, Hotel Emps. & Rest. Emps. Int'l Union*, 332 F.Supp.2d 667, 670-71 (S.D.N.Y. 2004) (citing *Microsoft*, 253 F.3d at 114). There is no provision for or requirement to vacate or modify judicial orders in response to an alleged violation of the Code.

Further, "it is possible to violate the Code without creating an appearance of partiality." *White v. Nat'l Football League*, 585 F.3d 1129, 1140 (8th Cir. 2009) (quoting *In re Boston's Children First*, 244 F.3d 164, 168 (1st Cir. 2001)). *See also Gerber v. Veltri,* 702 Fed. Appx. 423, 433 (6th Cir. 2017) ("The Code of Conduct for United States Judges does not establish grounds for disqualification under the Due Process Clause"); *In re Barry,* 946 F.2d 913, 914 (D.C. Cir. 1991) (A violation of Canon 3(A)(6) "does not necessarily create an appearance of personal bias or

partiality such as to require recusal"); *United States v. Fortier*, 242 F.3d 1224, 1229-30 (10th Cir. 2001) (judge's public commend concerning a pending action could violate Canon 3(A)(6) without creating the appearance of bias necessary for recusal).

Plaintiffs seek modification of the Opinion and Order "to promote public confidence in the integrity of the judicial process" and avoid "an appearance of impropriety." The Code of does not allow the relief requested. Plaintiffs' remedy is to seek disqualification, which has already been granted.

Further, a Court pointing out the inherent conflict of interest for an attorney representing competing interests in a single litigation fortifies "public confidence" by identifying the potential for "impropriety." It does not detract from confidence in the judicial system.

### ***II. Judge Ludington's Opinion and Order Did Not Violate Canon 3(A)(2)***

Canon 3(A)(2) provides, "A judge should hear and decide matters assigned, unless disqualified, and should maintain order and decorum in all judicial proceedings." Canon 3(A)(2). Plaintiffs claim that "Judge Ludington should not have heard or decided these matters assigned to him because of his disqualification." (**ECF No. 21**, PageID.816)

This argument is absurd. Judge Ludington was assigned this case, and was required to "hear and decide matters assigned" to him under Canon 3(A)(2). Plaintiffs moved for his disqualification. Judge Ludington was obligated to decide

the motion for recusal. In so doing, he was required relay *all the surrounding facts and circumstances* as he knows and understands them. (See Section IV below).

The Opinion raised a legal conflict of interest created by the ownership of property subject to the SAD. Judge Ludington opined that a conflict existed because each property owner (and class of property owners) may have conflicting and competing property interests, including his own. Recognizing the conflict identified by Plaintiff and realizing that it extends between property owners and to the attorney representing owners with competing property interests ("in a zero-sum game") is exactly what the Court was required to do.

***III. Judge Ludington's Opinion and Order Did Not Violate Canon 3(A)(6)***

Canon 3(A)(6) of the Code of Conduct for United States Judges provides, "A judge should not make public comment on the merits of a matter pending or impending in any court." Canon 3(A)(6).

***A. The Complained-Of Statements Are Not "Public Comments"***

"The prohibition on public comment on the merits does not extend to public statements made in the course of the judge's official duties." Canon 3(A)(6). Comments made within judicial filings and/or on the record in the presence of counsel are not "public comments" within the meaning of Canon 3(A)(6). *United States v. Ciavarella*, 716 F.3d 705. 719 (3d Cir. 2013) (statements made in a judicial opinion which were then quoted and published by a newspaper are not extra-judicial

"public comments"); *In re Marshall*, 403 B.R. 668, 682 (C.D. Cal. 2009), *aff'd*, 721 F.3d 1032 (9th Cir. 2013) (comments made on the record in the presence of counsel are not "public comments" violative of Canon 3(A)(6)).

The fact that a judge's orders are "public" does not transform them into "public comments" for purposes of Canon 3(A)(6). Canon 3(A)(6) applies to public discussions with the media and/or in non-judicial public forums. *See United States v. Microsoft Corp.*, 253 F.3d 34, 107 (D.C. Cir. 2001) (district judge violated Canon 3(A)(6) by talking about the case with reporters); *White*, 585 F.3d at 1138 (district judge made comments about the case to the press); *United States v. Cooley*, 1 F.3d 985, 995 (10th Cir. 1993) (district judge made comments about the case on national television).

Judge Ludington was assigned to this case at the time he rendered his Opinion and Order. He was legally obligated to determine whether recusal was necessary and enter an order to that effect. 28 U.S.C. § 455(a); *Decker v. GE Healthcare, Inc.*, 770 F.3d 378, 389 (6th Cir. 2014). The Opinion was made in the course of his official duties and the statements therein are not extra-judicial public statements. Canon 3(A)(6) does not apply.

***B. The Complained-Of Statements Do Not Involve the Merits of the Case***

A discussion of "the merits" involves the substance of a claim, as opposed to procedural, or other, considerations. *See Semtek Intern. Inc. v. Lockheed Martin*

*Corp.*, 531 U.S. 497, 501-02 (2001); *Sellan v. Kuhlman*, 261 F.3d 303, 311 (2d Cir. 2001). Judge Ludington made no comment on the merits of Plaintiffs' claims in his Order. He offered no opinion as to whether Plaintiffs had asserted valid claims and passed no judgment on any legal theory or evidence.

### ***IV. Judge Ludington's Observations Were Entirely Proper in a Recusal Analysis***

"Under § 455(a), '[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *Decker*, 770 F.3d at 389 (quoting 28 U.S.C. § 455(a)). "When confronted with a Motion to Recuse under 28 U.S.C. § 455(a), a district judge must apply an objective standard of inquiry: Would a reasonable person knowing all the relevant facts question the impartiality of the judge?" *Reed v. Rhodes*, 179 F.3d 453, 467 (6th Cir. 1999); *Buell v. Mitchell*, 274 F.3d 337, 345 (6th Cir. 2001). *See also Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 541 U.S. 913, 924 (2004) ("It is well-established that the recusal inquiry must be 'made from the perspective of a *reasonable* observer who is *informed of all the surrounding facts and circumstances.*'") (emphasis in original).

"When considering a § 455 recusal request, 'the judge is free to make credibility determinations, assign to the evidence what he believes to be its proper weight, and to contradict the evidence with facts drawn from his personal knowledge.'" *Scott v. Metro Health Corp.,* 234 Fed. Appx. 341, 354 (6th Cir. 2007)

(quoting *United States v. Balistrieri,* 779 F.2d 1191, 1202 (7th Cir. 1985)). The Court is not required to accept the allegations of the party seeking recusal as true and may make all necessary factual findings. *Garrett v. Ohio State Univ.*, 60 F.4th 359, 368 (6th Cir. 2023); *Scott*, 234 Fed. Appx. at 353 (citing *In re Martinez-Catala*, 129 F.3d 213, 220 (1st Cir. 1997)).

Nonetheless, "a federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified." *Laird v. Tatum*, 409 U.S. 824, 837 (1972). "Judges must not 'abdicate in difficult cases at the mere sound of controversy.'" *Arrowood Indem. Co. v. City of Warren, Mich.*, 54 F.Supp.3d 723, 726 (E.D. Mich. 2014) (quoting *In re United States*, 666 F.2d 690, 695 (1st Cir. 1981)). "That is because the disqualification decision must reflect *not only* the need to secure public confidence through proceedings that appear impartial, *but also* the need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking." *Id.* (quoting *In re Allied-Signal, Inc.*, 891 F.2d 967, 970 (1st Cir. 1989)).

It was not only proper, but *necessary*, for Judge Ludington to relay *all the surrounding facts and circumstances* as he knows and understands them when deciding whether or not to recuse himself. He was *required* to explain his personal knowledge of the parties and circumstances at issue. He disclosed the facts and

foundation for recusal.

Furthermore, Judge Ludington's discussions of the apportionment of the assessments in the Special Assessment District was an objective acknowledgement formulating the basis for his apparent conflict of interest and impartiality. His acknowledgement that this conflict extends to the Plaintiff property owners and the attorney who represents property owners with competing interests in the litigation before him is not illegal, impermissible, nor improper. In fact, the Court has an ethical obligation to identify the potential conflict. *See* MRPC 8.3; Canon 3(B)(6). Legal observations in a judicial order from the Judge assigned the case made *prior to recusal* do not violate the canons of ethics.

**RELIEF REQUESTED**

WHEREFORE, Defendant GLADWIN COUNTY BOARD OF COMMISSIONERS respectfully requests this Honorable Court enter an Order denying Plaintiffs' Motion to Modify July 17, 2024 Opinion and Order.

Respectfully Submitted,

***Cummings, McClorey, Davis & Acho, PLC***

By: /s/ TIMOTHY S. FERRAND
TIMOTHY S. FERRAND (P39583)
Attorney for Gladwin County Board of Commissioners
19176 Hall Road, Suite 205
Clinton Township, MI 48038
(586) 228-5600

Dated: August 30, 2024

**CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: none.

***Cummings, McClorey, Davis & Acho, PLC***

By: /s/ Timothy S. Ferrand